[No. 6242. Decided November 9, 1906.]

MARY J. SMITH, *Appellant*, v. MUTUAL RESERVE LIFE INSURANCE COMPANY, *Respondent*.[1]

INSURANCE—FORFEITURE—NONPAYMENT OF PREMIUMS—NOTICE—CHANGE OF ADDRESS. Where in accordance with the provisions of the policy, the by-laws of the company, and the laws of the state, notice of premiums due were mailed to the insured at his duly authorized postoffice address, in Butte, Montana, failure to receive the notice by reason of removal to Florida does not keep the policy alive, nor does correspondence respecting a mortuary call stating that the insured left home hurriedly and asking that receipt therefor be mailed to a given address in Florida amount to sufficient notice to the company of a permanent change of address.

SAME—NECESSITY OF NOTICE TO BENEFICIARY. In such a case, it is not necessary to give notice to the beneficiary who was the wife of the insured, especially where she was notified that the next notice would be mailed to the insured at his authorized address.

SAME—DATE OF ACCRUAL OF PREMIUMS—ACQUIESCENCE IN PROVISIONS OF POLICY. Upon a failure to pay a premium when due according to the terms of the policy, it cannot be claimed that the policy did not go into effect until some months after its date and that premiums were not due at the time specified, where for eight years payments had been demanded and made in accordance with the terms of the policy.

[1]Reported in 87 Pac. 347.

Appeal from an order of the superior court for King county, Albertson, J., entered February 10, 1906, granting a new trial upon motion of the defendant, in an action upon a policy of life insurance. Remanded on the merits, with direction to dismiss the action.

*Frank C. Park*, for appellant.

*Parsons & Parsons*, for respondent.

DUNBAR, J.—This is an appeal from an order of the superior court granting a new trial. At the close of the testimony, the court directed the jury to find a verdict in favor of plaintiff for the full amount sued for. Defendant moved for a new trial upon the statutory grounds. The motion was granted by a general order. The particular ground of the order is immaterial on this appeal. All the evidence is before this court, and the lower court on this same evidence took the cause from the jury and ordered judgment for plaintiff, and on this same evidence granted a new trial. The discussion in the briefs and oral argument of respective counsel is upon the merits of the case. We have examined the case upon the merits, and will so decide the question at issue.

The action was upon a policy of life insurance, and was brought by the appellant, the beneficiary in such insurance policy, who was the wife of the insured at the time the insurance was issued. The policy was issued on the 23d day of May, 1895. The insured died on July 7, 1904. The policy provided that notice should be sent, the by-laws of the company provided that notice should be sent, the laws of the state of New York provided that notice should be sent, when payments were due. There was a provision in the policy that the notice, addressed to a member or other person designated by said member, at the last postoffice address appearing upon the books of the association, should be deemed a sufficient notice; also provided that in the event of the nonreceipt of

a notice, it should nevertheless be a condition precedent to the continuance of the policy that a sum equal at least to the last preceding mortuary premium and dues should be paid to the association within thirty days from the first week of the month when due; also provided that notice that a mortuary premium and dues were payable to said association at the dates written on the first page of the policy, in every year, was thereby given and accepted for all purposes, and that any further or other notice was expressly waived. The postoffice address of the insured appearing upon the books of the company was 115 Main Street, Butte, Montana, and all the prior notices had been sent to that address. The last notice was not received by the insured or the beneficiary. On April 1, 1904, the regular semi-annual premium call became due upon the policy, and notice thereof was duly and regularly mailed to the insured at his Butte address, March 31, 1904. This notice was not received by the insured by reason of his having been in Florida at the time, and the payment was never made, the insured having died shortly after that time.

It is not necessary to determine many of the questions discussed in the briefs of respective counsel, notably the applicability and effect of the New York statutes, or whether the applicant was bound by the provisions in the contract in relation to the waiver of the notice, or whether the appellant had a right to rely upon, and the respondent was bound by, the respondent's custom of giving notice when payments were due. For, under the undisputed facts in this case, the respondent honestly and intelligently attempted to comply with its usual custom in that respect, by sending the usual notice to the postoffice address which theretofore, during the life of the policy, had been the address of the insured, the address to which all the prior notices had been sent, and the address which was incorporated in the policy itself. It does not appear that the respondent had ever been notified to change the address, and the contract provides that all notices

addressed to a member at the last postoffice address appearing upon the books of the association shall be deemed a sufficient notice.

The following correspondence is, however, relied upon by the appellant as sufficient notice to the respondent of the insured's change of residence. In November, 1903, the mortuary call of $3.42 was made upon said policy, notice of which was mailed to insured at Butte, at his proper address. On November 28, the insured remitted $3.35 to pay said call, with a letter as follows:

"Interlachen, Florida, Nov. 28, 1903.
"New York Mutual Reserve Fund Life Association,

"Gentlemen—Please find enclosed the sum of three dollars and thirty-five cents as extra assessment for my policy. I have forgotten the number of policy, and left home in such a hurry that I forgot to bring the notice with me. Kindly send me receipt at Interlachen, Florida.

"Wm. H. Fenton, D. D. S., Interlachen, Florida."

On December 2, the company acknowledged said remittance by a letter as follows:

"Dr. W. H. Fenton, Interlachen, Florida:

"Dear Sir—I beg to acknowledge receipt of your favor of the 28th ult., enclosing a remittance of $3.35 on account of the November call, on your policy No. 189449. I write to remind you that the amount of the call, as stated in the notice, was $3.42, and your remittance was therefore short seven cents. Kindly remit the same amount in postage stamps, to complete the payment.

"Yours very truly, G. W. Page, Superintendent."

In response to that letter the company received a letter from the insured as follows:

"Interlachen, Florida, December 7, 1903.
"Mutual Reserve Life Insurance Company:

"Gentlemen—Please find herein the seven cents that was deficient in the $3.42, a mistake made by myself in remittance one week since. Respectfully,

"W. H. Fenton, D. D. S., Interlachen, Fla."

There was certainly no authorization in this correspond-
ence to change the permanent address of the applicant. On
the other hand, it rather conveyed the idea that the applicant
had left home temporarily; and while there was consider-
able correspondence, the whole time from the commencement
to the end of the correspondence included only nine days.
We think the company would not have been justified in con-
cluding from this correspondence that the permanent resi-
dence of the insured had changed, and was justified in ad-
dressing him in subsequent communications and notices at
Butte, Montana. It would have been an exercise of only
common prudence for the insured, if his permanent residence
was changed, to have notified the company to that effect,
and also to have left instructions at Butte, Montana, for his
mail to be forwarded to him.

The appellant, the beneficiary under the terms of the
policy, also insists that the company knew of her residence
in Oklahoma Territory, by reason of certain correspondence
between her and the company which is set forth in the record.
In the first place, the company was not under obligations,
in the absence of instructions, to notify any one but the in-
sured, or to keep track of the changing residence of the
beneficiary. She, being the wife of the insured, would be pre-
sumed to have the same residence that he had. In addition
to this, in the correspondence referred to between the re-
spondent and the appellant, she was notified that the last
dues assessed had been paid to the collector of the company
at Butte, Montana. The company also wrote to her as
follows:

"The next semi-annual premium is due October 1, 1903,
of which due notice will be forwarded to insured at 115 Main
Street, Butte, Montana, unless in the meantime we have
authority to change his address."

It is not shown that such authority was given, and from the
whole record it appears that the failure of the assured to

receive notice was due to his own negligence, and not in any way to the negligence of the insurance company.

Another contention is made by the appellant, that the policy did not go into effect for some months after it was issued; that therefore the payments were not due at the time they were made, and that the last payment was therefore not due until after the death of the assured. No claim of this kind was made in the pleadings, the complaint alleging that the first premium was paid July 10. No application was made to amend the complaint in that regard to correspond with the evidence, and in fact we think that the evidence would not have warranted the court in permitting such amendment, especially in view of the fact that for eight years the payments had been made in accordance with the terms of the policy, and that no suggestion had been made that the payments were not properly demanded.

In consideration of the whole record, we are of the opinion that the appellant is precluded from a recovery in this case, and, inasmuch as a case is not presented where the appellant could recover upon a new trial, it would be a useless thing to send the case back for trial. The cause will, therefore, be remanded with instructions to the lower court to dismiss the action.

MOUNT, C. J., FULLERTON, HADLEY, and RUDKIN, JJ., concur.

CROW and ROOT, JJ., took no part.